IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY ROYAL,<br><br>Plaintiff,<br><br>v.<br><br>PAMELA MILLER DABNEY, et al.,<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-2535 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter is before the Court upon the motion by Defendant Johanna Sunkett McBride to dismiss the complaint for insufficient service of process under Rule 12(b)(5), Fed. R. Civ. P. [Docket Item 12] and Plaintiff Gregory Royal's Motion to Strike [Docket Item 16]. For the following reasons, the Court will grant the motion to dismiss and deny the motion to strike.

1. The Court recounts the following facts gleaned from the complaint, presumed true for the purposes of this motion. In short, pro se Plaintiff Gregory Royal asserts that he was coerced into signing false documents that defrauded him of his deceased wife's estate. (Complaint [Docket Item 1] at ¶ 10.) Mr. Royal brings claims against, inter alia, Joanna Sunkett McBride, one of his sisters-in-law, alleging that she is "responsible for advocating for the same machinations to defraud and deprive" him of his deceased wife's estate. (Id. at ¶ 8.) Mr. Royal filed

this § 1983 claim in state court on December 10, 2015 and another defendant, Cheryl Nidorf Austin, removed the case to federal court on May 4, 2016. [Docket Item 1.]

2. Under Rule 12(b)(5), Fed. R. Civ. P., a defendant may move to dismiss on the grounds that service of process was insufficient, or in other words that the method and timing of the documents served was inadequate. Ms. McBride contends in her motion that she never personally received process, and was only notified about the existence of this case in June 2016, when counsel for Defendant Austin sent Ms. McBride a letter. (Certification of Johanna Sunkett McBride ("McBride Cert.") [Docket Item 12-1] at ¶¶ 2, 4-5.) In particular, Ms. McBride states that she "never received by mail, certified or otherwise, a copy of a summons and complaint in this case." (Id. at 5.)

3. Mr. Royal filed an opposition to Ms. McBride's motion, addressing Ms. McBride's certification and moving to strike her motion under Rule 12(f)(2), Fed. R. Civ. P. (Certification of Gregory Royal ("Royal Cert.") [Docket Item 16.] Mr. Royal asserts that he sent Ms. McBride a copy of the summons and complaint to her home in Gainesville, Florida by certified mail, and attaches a copy of the certified mail receipt and envelope addressed to Ms. McBride marked "RETURN TO SENDER." (Id. at ¶ 2, Exhibit A.) He contends that the proof of service he filed, required by N.J. Ct. R. 4:4-7, described his "reasonable and

2

good faith attempt" to make personal service before serving Ms. McBride by mail. (Id. at ¶ 5.)

4. Rule 4(e), Fed. R. Civ. P., governs methods of service and provides that service upon an individual must be made by either (1) following law for serving summons in the state where the district court is located, or (2) by one of the following: (A) delivering a copy of the summons and complaint to the individual personally, (B) leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion, or (C) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. A plaintiff must serve defendants within 90 days of filing his complaint. Fed. R. Civ. P. 4(m).

5. New Jersey law provides that service of process may be effected by mail, instead of by personal service, under two circumstances. First, a plaintiff may attempt to serve a defendant in the first instance by "registered, certified or ordinary mail," but this service is only considered valid where "the defendant answers the complaint or otherwise appears in response thereto" within 60 days following mailed service. N.J. Ct. R. 4:4-4(c). Second, if a plaintiff files an affidavit of diligent effort satisfying the requirements of N.J. Ct. R. 4:4-5(b) that establishes that "despite diligent effort and inquiry personal service cannot be made" within the state of New Jersey

3

in accordance with N.J. Ct. R. 4:4-4(a), then service may be made by <u>simultaneously</u> sending copies of the summons and complaint by registered or certified mail, return receipt requested, <u>and</u> by ordinary mail. N.J. Ct. R. 4:4-4(b)(1)(C). Service by mail under this provision "is valid even if the defendant does not answer or appear." <u>Citibank, N.A. v. Russo</u>, 759 A.2d 865, 868 (N.J. App. Div. 2000).

6. The Court finds that Mr. Royal's mailing did not constitute proper service under either N.J. Ct. R. 4:4-4(c) or 4:4-4(b)(1)(C). First, because Ms. McBride did not "answer the complaint or otherwise appear[]" within 60 days of when Mr. Royal mailed her copy of the summons and complaint – apparently on March 29, 2016, according to the postage on the copy of the envelope Mr. Royal attached as Exhibit A to his certification – service by mail is not valid under N.J. Ct. R. 4:4-4(c). Second, even if the Court construes Mr. Royal's assertion that his proof of service required by N.J. Ct. R. 4:4-7 describing his efforts to serve Ms. McBride personally as an affidavit of diligent effort for the purposes of N.J. Ct. R. 4:4-4(b)(1), Mr. Royal did not comply with N.J. Ct. R. 4:4-4(b)(1)(C) because he sent a copy of the summons and complaint by certified mail, return receipt requested, but did not simultaneously send a copy by ordinary mail. The Rules required Mr. Royal to send copies by both means in order to effect valid service upon Ms. McBride.

7. In sum, Mr. Royal has not met the requirements of the New Jersey rules for service of process. See Driscoll v. Burlington-Bristol Bridge Co., 86 A.2d 201, 230 (N.J. 1952) ("The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with."). The Court will grant Ms. McBride's motion and will dismiss the complaint against her for insufficient service of process.

8. The Court will likewise deny Mr. Royal's motion to strike Ms. McBride's motion under Fed. R. Civ. P. 12(f). Rule 12(f) allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A] court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" Cipollone v. Liggett Group, Inc., 789 F.2d 181 (3d Cir. 1986). Ms. McBride's meritorious motion is plainly not insufficient and will not be stricken from the record.

9. The Court notes from the docket that Defendant Cheryl Nidorf Austin has stated a Crossclaim for Contribution and/or Indemnification against Ms. McBride [see Docket Item 4], and the Court cannot determine from the docket whether Ms. Austin duly served Ms. McBride with her crossclaim. Accordingly, Ms.

McBride's status as a crossclaim defendant or as a third-party defendant is not determinable at this time.

    10. An accompanying order will be entered.


**May 3, 2017**                                        **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
                                                                       Chief U.S. District Judge